WILLIAM KING, APPELLEE, V. WINIFRED KING, APPELLANT.

FILED OCTOBER 16, 1907.  No. 14,770.

1. **Divorce: FINDINGS: REVIEW.** The findings of a trial judge as respects the value of real property situated in localities with which he is familiar, and made, after hearing conflicting testimony of witnesses, as the foundation for a decree of alimony, when not assailed for bias or prejudice or obvious mistake, are entitled to some consideration, and will not be disregarded upon appeal, unless it is made to appear that inferences from the evidence drawn by this court are more likely to be correct than were his.

2. ————: **ALIMONY.** The court, in awarding permanent alimony, will not speculate upon a future income from a continuous and persistent career of vice and criminality, and adopt as a basis for its decree a division of the anticipated spoils of iniquity.

APPEAL from the district court for Box Buttte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Hamer & Hamer* and *R. C. Noleman,* for appellant.

*William Mitchell* and *T. J. Doyle, contra.*

AMES, C.

The defendant obtained upon a cross-petition in the district court a decree of divorce from her husband on the ground of adultery. The plaintiff acquiesced in the decree, which is sufficiently supported by pleading and proof; but the plaintiff appealed to this court from a collateral judgment awarding alimony.

There were at the time of the trial four children of the marriage; one boy aged 13 years, and another aged 12 years, and one girl aged 11 years, and another aged 9 years. The wife was awarded the care and custody of the children during their minority, and provided for their maintenance with an annuity from her husband of $300 for nine years, or until the youngest, if she shall live so long, will attain her legal majority. The defendant was the owner in her own right, at the time of her marriage

and also at the time of the trial, of property of the value of $2,000, and she also had, at the time of the trial, the title of other property acquired, as the court found, by the joint effort of the parties, of the value of $13,250. The decree awards the wife $970 as permanent alimony, and $400 as "suit money." The amount of the permanent alimony, subtracted from the value of the possessions of the husband and added to that of the possessions of the wife, produces two equal sums, viz., $16,220.

The foregoing facts and valuations are such as were found and established by the district court. There is conflicting testimony, as there usually is upon such inquiries, with respect to the value of the various items of real property; but the deductions therefrom made by the trial judge appear to us to be reasonable, and are not assailed for bias or prejudice or obvious mistake. Under a recent statute, they are not conclusive upon this court; but the judge saw and heard the witnesses, and has been for many years a resident of the district and familiar with the localities in which the properties lie. His opinion, therefore, upon such questions may be given some consideration, quite aside from the legal presumption, now abolished, but formerly obtaining, in its favor. Independently of that presumption, we think it ought not to be wholly disregarded without some forceful reason for so doing; in other words, without something to indicate, with a considerable degree of certainty, that inferences drawn by this court, with necessarily less light upon the controversy than that which he had, are more likely to be correct than are his. Nothing of that nature has been brought to our attention.

What has just been said with respect to values we think is, in great measure, true, also, as to permanent alimony and suit money. The trial judge knew far better than the members of this court do, or possibly can know, the amount of time, labor, money and skill required of the defendant and her attorneys and expended by them in the preparation and trial of the case, and he knows better

than they the cost of maintenance and education of the children in the neighborhood in which they live, and the ability of the husband to pay.  He is the proprietor of several liquor saloons, some or all of them, it was said in the argument, having gambling room attachments, and it is alleged that he enjoys a net annual income from all these sources of $6,000, and so, it is attempted to be argued, has an "earning capacity" of that sum.  We are not prepared to hold that precarious gains from immoral and prohibited occupations are evidence of any earning capacity at all, or that accumulations from such sources can, so long as their possessor continues in the pursuit of his devious ways, be looked upon as constituting an established estate.  The court, even in awarding alimony in a divorce suit, will hardly go so far as to speculate upon a future income from a continuous and persistent career of vice and criminality, and adopt as a basis of its decree a division of the anticipated spoils of iniquity.

We discover no fault in the record or judgment of the district court, and recommend that the latter be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.